STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

FILED

April 10, 2017

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 16-0073 (Randolph County 14-F-118)

Blair M.,
Defendant Below, Petitioner

MEMORANDUM DECISION

Petitioner Blair M., by counsel Jeremy Cooper, appeals the Circuit Court of Randolph County's December 23, 2015, order sentencing him to a term of incarceration of fifteen to sixty-five years and additional terms of sex-offender registration and supervision upon his release from prison.[1] The State of West Virginia, by counsel Jonathan E. Porter, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in considering allegedly impermissible factors at sentencing, namely the circuit court's failure to follow Rule 32(c)(1) of the West Virginia Rules of Criminal Procedure, and imposing a disproportionate sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, a Randolph County grand jury indicted petitioner on one count of first-degree sexual assault; one count of incest; two counts of sexual abuse by a parent, guardian, or custodian; and five counts of first-degree sexual abuse. The charges stemmed from petitioner's sexual contact with his then eight-year-old step-daughter/niece.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner married his brother's former wife, with whom his brother had several children, including the victim herein.

1

In April of 2015, petitioner entered into a plea agreement with the State wherein he pled guilty to two counts of first-degree sexual abuse and one count of incest. Pursuant to the plea agreement, the State reserved its right to make a sentencing recommendation after receiving petitioner's presentence investigation report. The circuit court accepted the parties' plea agreement and ordered a presentence investigation report prior to sentencing. Subsequent to the circuit court's receipt of that report and reports from the psychologist and the Division of Corrections, petitioner filed several objections generally contesting the "inflammatory characterizations" of his statements to his probation officer. Petitioner also contested the presentence investigation report narrative that he used his alcoholism to avoid responsibility for his crimes and could not remember the names of his step-children. Petitioner contended that he did not doubt the allegations against him but that he did not "actually have a personal recollection of the events of which he was accused." Petitioner also objected to the official version of the offenses, his adult criminal history, employment, and family and marital status portions of the presentence investigation report.

In November of 2015, the circuit court held a sentencing hearing wherein petitioner reiterated his objections to the presentence investigation report. Following petitioner's objections to the presentence investigation report at the sentencing hearing, the circuit court discussed each of those objections with the parties and the probation officer who prepared the report. The probation officer testified regarding petitioner's objections and stated that his characterization of petitioner's statements in the presentence investigation report were not meant to be inflammatory but were observations of petitioner compiled for the report. The probation officer also testified that many of petitioner's objections were based on statements from the criminal complaint that were accurately reproduced for the circuit court's file. The probation officer also testified that he did make some errors in reproducing petitioner's employment and family history and corrected those mistakes on the record. Petitioner admitted that he committed first-degree sexual abuse and incest and that he abused alcohol. Following the presentation of evidence, the circuit court overruled petitioner's objections to the report and, by order dated December 23, 2015, sentenced him to a term of incarceration of fifteen to sixty-five years in the penitentiary, additional terms of sex-offender registration, and fifty years of supervised release. It is from this order that petitioner now appeals.

Generally, our standard of review for the circuit court's findings and rulings in a criminal case is as follows:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 641, 535 S.E.2d 484, 485 (2000). Where specific standards of review are necessary to discuss petitioner's assignments of error, we provide them below.

On appeal, petitioner first assigns error to the circuit court's alleged failure to make specific rulings on his objections to the contents of the presentence investigation report. Petitioner argues that the report contained certain recommended factual findings to which he objected and that the circuit court failed to make an adequate resolution of the disputed facts. In sum, petitioner argues that the circuit court sentenced him using an impermissible sentencing factor, because it failed to follow the strictures set forth in Rule 32(c)(1) of the West Virginia Rules of Criminal Procedure, which provides that

> [a]t the sentencing hearing, the court must afford counsel for the defendant and for the state an opportunity to comment on the probation officer's determinations and other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not effect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Board of Parole.

It is clear from the record that the circuit court correctly followed Rule 32(c)(1). The circuit court noted petitioner's "exceptions and objections to the presentence investigation report," permitted the parties to introduce testimony regarding petitioner's objections, and overruled petitioner's objections to the probation officer's impressions of him. The record further indicates that the mistakes in the presentence investigation report regarding petitioner's employment and family history were not considered by the circuit court.[3] To the contrary, there were a host of other factors, such as the substantial negative impact petitioner's criminal conduct had on the victim's life, that were of serious import at the sentencing phase of this case. Specifically, the circuit court seemed justly concerned with the fact that the victim was very young and wanted to give her the opportunity "to be protected and heal as much as she can" before petitioner would be available for release from incarceration. The circuit court clearly stated that it reviewed the presentence investigation report, petitioner's psychological evaluations, and the Department of Corrections evaluations before pronouncing petitioner's sentence. The circuit court based petitioner's sentence on an independent consideration of all the factors before it, and its findings coincided with the recommended findings in the presentence investigation report. As such, we find that petitioner's sentence was not based on any impermissible factors and, thus, the circuit court's imposition of sentence was not in error.

Petitioner also argues that the circuit court erred by sentencing him to a disproportionate sentence. Specifically, petitioner argues that the sentences for sexual offenses have become "increasingly severe" and that "conditions have changed sufficiently to necessitate an expansion of the proportionality test." Petitioner acknowledges that this assignment of error is "wholly contingent on this Court's willingness to modify the existing law . . . ."

---

[3]According to the record before this Court, there were mistakes in the probation officer's report regarding petitioner's former employers, dates employed, his wife, and children.

3

We have often explained that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Incest and first-degree sexual abuse are punishable by terms of incarceration of not less than five nor more than fifteen years and not less than one nor more than five years, respectively. W.Va. Code §§ 61-8-12, 61-8B-7 (2015). Petitioner pled guilty to two counts of first-degree sexual abuse and one count of incest. As such, petitioner's sentence was imposed within statutory limits, was not based on some impermissible factor, and is, therefore, not subject to appellate review.

For the foregoing reasons, we affirm the circuit court's December 23, 2015, sentencing order.

Affirmed.

**ISSUED:** April 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4